UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 19-MJ-118PAS |
| | : | |
| PETER K. ZENDRAN | : | |

**ORDER FOR EXAMINATION PURSUANT TO 18 U.S.C. §§ 4241 AND 4247**

On December 31, 2019, this Court held the initial appearance in this case. In addition to requesting detention,[1] the government made an oral motion for a psychiatric or psychological examination of Defendant pursuant to 18 U.S.C. §§ 4241 and 4247. Counsel for Defendant asserted his objection to the motion. In addition to the facts set forth in the affidavit supporting the Criminal Complaint, Defendant's criminal history (including the repeated references to referrals to "MH treatment"), the circumstances underlying the two recent pending state charges and the information provided by Pretrial Services based on the interview of Defendant, the Court was able to observe Defendant's behavior and speech in Court during the initial appearance. In reliance on the foregoing, the Court finds that there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Based on this finding, the government's oral motion is granted.

---

[1] Following a bail hearing and over Defendant's objection and request for release, the Court entered an Order of Detention on the government's motion. In light of the pending question of Defendant's competency, the Court is mindful that there may be other information pertinent to the bail determination that was not presented during the bail hearing, as well as that some of the information presented by Defendant may have been affected by Defendant's competency to understand the proceeding or to assist properly in his defense. Accordingly, at any time in future, at Defendant's request, the Court will promptly schedule a new bail hearing at which all of the findings that supported the detention order may be revisited.

Wherefore, it is hereby ordered:

(1) That Defendant shall be committed to the custody of the Attorney General under 18 U.S.C. § 4247(b) for placement in a suitable facility, preferably in the New England area, for conducting a psychiatric or psychological examination;

(3) That a psychiatric or psychological examination shall be conducted to determine whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him and to assist counsel in his defense;

(4) That such examination shall be conducted within a reasonable period not to exceed thirty days except that, under 18 U.S.C. § 4247(b), the director of the facility at which the examination is conducted may, if necessary, apply for a reasonable extension of time not to exceed fifteen (15) days to complete the examination;

(5) That the examiner designated to conduct the examination shall, after it is completed, file a report with the Court, with copies to counsel for Defendant and the Government, setting forth the information, findings and opinions specified in 18 U.S.C. § 4247(c) together with any other information relevant to a determination of Defendant's mental status and competency; and

(6) That the Court requests prior notification of the date of Defendant's return to this jurisdiction after the examination so that a prompt competency hearing may be scheduled.

(7) That the government is directed to report to the Court and to counsel for Defendant at least every thirty days on the progress of the evaluation. Such reports may be transmitted by email to the Clerk and the responsible government attorney and not filed on the docket.

And it is further ordered that, pursuant to 18 U.S.C. § 3161(h)(1)(A), any period of delay from the making of the oral Motion to Determine Competency and resulting from proceedings

conducted to comply with this order shall be deemed excludable under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), until the matter of competency is confirmed in this case.  Further, finding the that issue of Defendant's competency to assist with his defense of the case at a Preliminary Hearing is an extraordinary circumstance and that justice requires delay, the Preliminary Hearing requested by Defendant pursuant to Fed. R. Crim. P. 5.1 and scheduled for January 8, 2020, is hereby postponed, with the date to be rescheduled promptly after competency is confirmed.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 31, 2019