## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 1:19-mj-118-MSM-PAS |
| PETER K. ZENDRAN | ) |
| | ) |

## ORDER

Mary S. McElroy, United States District Judge.

The Court has thoroughly conducted a de novo review of all the papers in this case including the Report and Recommendations of Magistrate Judge Patricia A. Sullivan ("R&R") (ECF No. 29), the Objection to the R&R filed by the defendant (ECF No. 30), and the Government's Response to the Defendant's Objection to the R&R (ECF No. 31). The Court also reviewed the Forensic Report provided to the Court by the Shawn E. Channell, Ph.D., ABPP. Finally, the Court has listened to the audio recording of the hearing conducted by Magistrate Judge Sullivan on November 20, 2020. For the reasons stated in the Magistrate Judge's R&R, the Court adopts the findings of facts and conclusions of law in total.[1]

Courts hearing criminal matters must ensure that defendants are legally competent to stand trial. It is indisputable that "the conviction of an accused person

---

[1] Both attorneys agreed, at an off-the-record conference held on February 25, 2021, that an additional hearing was not required and that the Court could decide this Motion and Objection on the papers provided.

while he is legally incompetent violates due process." *Pate v. Robinson,* 383 U.S. 375, 378 (1966).  To determine if a defendant is competent to stand trial, the Court must determine if the defendant is "presently suffering from a mental disease or defect" and, if he is, whether that disease or defect causes him to be either "mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him" or it renders him unable "to assist properly in his defense."  18 U.S.C. § 4241(d).  *See Johnson v. Norton*, 249 F.3d 20, 26 (1st Cir. 2001) ("The test for legal competence is whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.")  (internal citations omitted); *see also United States v. Maldonado,* 708 F.3d 38, 45 (1st Cir. 2013) (competency requires that the defendant have the ability to comprehend nature of proceedings and to assist counsel in preparing his defense).

This matter came before the Magistrate Judge on the government's motion to evaluate the defendant for his competence to stand trial.[2]  After hearings the Magistrate Judge made several findings of fact that have not been seriously refuted by the defense.  While the defendant has objected to the R&R (ECF No. 30), he has not provided any additional evidence or contradictory evidence from which the Court can determine that the Magistrate Judge's findings of fact are inaccurate or

---

[2] The travel of this case as it relates to the issue of competence is detailed extensively in the Magistrate Judge's R&R (ECF No. 29) and the Court will not reiterate it here.

inconclusive.  The psychological evidence, presented by the government's witness, Dr. Channell, while objected to by the defendant, stands as the only medical evidence before the Court.   As a result, the Court finds that the Magistrate Judge's findings are accurate and form a sufficient basis for her conclusions that the government has met its burden of proving by a preponderance of the evidence that the defendant suffers from untreated Schizoaffective Disorder, Bipolar Type as well as her conclusion that the symptoms of this mental disease render him incompetent to the extent that he suffers from delusional beliefs that significantly impair his decision making about how to proceed with his case and his ability to assist his attorney with his defense.

The Court finds that the preponderance of the evidence establishes that Mr. Zendran presently suffers from a mental disease (Schizoaffective Disorder, Bipolar Type) that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.  The Court orders that the defendant be committed to the custody of the Attorney General, who shall hospitalize him for treatment in a suitable facility for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit trial to proceed.  18 U.S.C. § 4241(d).  The Court also accepts the Magistrate Judge's recommendation that, based on the defendant's expression of discomfort at FMC Devens, the Bureau of Prisons be encouraged to

consider hospitalization of defendant at another facility pending further study pursuant to 18 U.S.C. § 4241(d).

For the foregoing reasons, the R&R (ECF No. 29) is ACCEPTED and ADOPTED in full.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge
June 14, 2021